UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BROW ART MANAGEMENT, LLC
d/b/a Brow Art 23,

        Plaintiff,        Case No. 23-cv-11434
                                  Honorable Linda V. Parker

v.

IDOL EYES FRANCHISE, LLC
d/b/a Saas Brow, ELIZABETH
PORIKOS-GORGEES, ANAS SULLAKA,
LINA HIRMUZ, and MANAL HASSAN,

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE OF SUBPOENA ON NON-PARTY MARIO KIEZI

      This matter is presently before the Court on a Motion for Alternative Service of Subpoena on Non-Party Mario Kiezi filed by Plaintiff Brow Art Management, LLC ("Brow Art"). (ECF No. 26.) Brow Art indicates that its process server has been unable to serve a deposition duces tecum subpoena on Kiezi and, therefore, seeks alternative service pursuant to Federal Rule of Civil Procedure 45. The deposition currently is scheduled for August 28, 2024.

      Rule 45 provides, in relevant part, that "[a]ny person who is at least 18 years old and not a party may serve a subpoena" and "[s]erving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). Courts are

divided on whether Rule 45 requires personal service upon the named individual. *See OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753-54 (E.D. Mich. 2011) (collecting cases); *Monsoon v. Ghougoian*, No. 18-cv-10638, 2019 WL 2464499, at *1 (E.D. Mich. June 13, 2019). The Sixth Circuit has not conclusively addressed whether Rule 45(b) requires personal service; however, it has affirmed a district court's order quashing a subpoena where several requirements, including personal service, were not satisfied. *See Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552-53 (6th Cir. 2015).

In this District, courts repeatedly have held that Rule 45 allows for service by alternate means. *See Asian Food Serv., Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 18-cv-13454, 2020 WL 230134, at *1 (E.D. Mich. Jan. 15, 2020) (collecting cases). "However, the party seeking to serve a subpoena by alternate means must first 'demonstrate[] an inability to effectuate [personal] service after a diligent effort.' Moreover, '[t]he alternate means must be reasonably calculated to achieve actual delivery.'" *Id.* (alterations in original) (quoting *OceanFirst Bank*, 794 F. Supp. 2d at 754).

Brow Art shows that it has been unable to serve Kiezi despite diligent efforts. Specifically, Brow Art provides an affidavit from its process server who describes nine unsuccessful attempts on various dates and at various times to serve Kiezi. The process server's affidavit suggests that Kiezi is avoiding personal

service.  Brow Art also proposes alternative means to serve Kiezi reasonably calculated to achieve actual delivery, that being service by first-class mail and posting on the front door of Kiezi's current home address.  *See OceanFirst*, 794 F. Supp. 2d at 754 (holding that such alternative forms of service will suffice).

For these reasons, the Court **GRANTS** the motion for alternative service (ECF No. 26.)

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: August 16, 2024